IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Louis Garrett, Jr., | C/A No. 0:18-1309-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Director Bryan Stirling, *et al.*, | |
| Defendants. | |

The plaintiff, Robert Louis Garrett Jr., a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that the claims against some of the defendants in this matter should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.    Procedural Background**

Plaintiff, currently an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC"), raises claims that excessive force was used against him in at least five separate incidents during his incarceration at three other SCDC prisons—Lee Correctional Institution, Perry Correctional Institution, and Broad River Correctional Institution. Plaintiff indicates the incidents took place from April 2015 to May 2016. He indicates he brings his claims pursuant to 42 U.S.C. § 1983 against seventy-seven defendants, in their official and

---

[1] By a contemporaneously issued order, the court severed Plaintiff's claims against various defendants pursuant to Federal Rule of Civil Procedure 20.

Page 1 of 6



individual capacities, seeking declaratory and injunctive relief, and damages. (Compl., ECF No. 1; Suppl. Comp., ECF No. 6.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.



This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges excessive force was used against him in violation of the Eighth Amendment. He also alleges the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Further, in light of the court's duty to liberally construe *pro se* pleadings, it appears Plaintiff indicates that some of the defendants' actions were retaliatory, which is construed as a claim that they violated the First Amendment. However, as discussed below, the court finds that the claims against the majority of the seventy-seven defendants in this matter should be summarily dismissed for Plaintiff's failure to state a claim against them upon which relief can be granted.

Plaintiff fails to provide any facts about most of the defendants in this matter, other than to provide their name and place of employment. The Complaint is devoid of any facts about these



defendants that would plausibly show they violated Plaintiff's constitutional rights. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d, 928 (4th Cir. 1977)); see also Paschal v. Lott, C/A No. 3:14-cv-04737-TLW (D.S.C. June 5, 2015) (providing that the plaintiff's failure to name the defendants beyond the caption of the complaint warranted dismissal of the claims against the defendants pursuant to Iqbal). Accordingly, the following defendants should be summarily dismissed for Plaintiff's failure to state a claim against them upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1):

> Director Bryan P. Stirling; Bernard McKie; Donald Lane; Lefford Fate; S. Soltis; Dr. Koon; Dr. Arrojas; Dr. T. Ergen; Dr. Kocher; Dr. Sridaran; Cecilia Reynolds; Larry Cartledge; Leroy Cartledge; James Parker; Dr. B. Lewis; Dr. A. Compton; Dr. Bryne; Sharon Patterson; Kennard Dubose; Ann Hallman; C. Hindenburg; K. Rivers; P. Talbert; Barns; Curtis Earley; Florence Mauney; Amy Enloe; PREA Compliance Manager at Perry CI (2015); Lindsey Harris; Meagan Harris; Katherine Burgess; B. Roberts; Stephon; Gina Williamson; Washington; Olds; Stephanie McMillan; Pamela Derrick; Myecha L. Miley; Brown; Sharp; Michelle Fox; Beverly Wood; V. Grubbs; Larry Morris; M. Newton; John Pate; Michael McCall; Cassandra Means; Ashley Maddox; Wilkens-Smith; McCoulough; Willie Davis; Katora Gause; Bernadette Jefferson; Unknown Person who made the call to give me no pain medication the day I got out of the hospital (27 May 2016); Unknown Person who made the call not to send me to the infirmary the day I got out of the hospital 27 May 2016; Mr. Barkley.[2]

---

[2] To the extent Plaintiff names these defendants in their official capacities for the purposes of seeking injunctive relief, the inclusion of their names as defendants is superfluous because all of the defendants named in this matter are state officers in the same department, and thus, the State of South Carolina is a named defendant if any of them are named in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself); see also Ex parte Young, 209 U.S. 123 (1908) (allowing prospective injunctive relief against a state as an exception to Eleventh Amendment immunity).



### III.  Conclusion

For the foregoing reasons, it is recommended that the claims against the above-named defendants be dismissed without prejudice and without issuance and service of process.

May 24, 2018  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).