IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., <br><br> Plaintiff, <br> vs. <br><br> Director Bryan P. Stirling, *et al.*, <br><br> Defendants. | Civil Action No. 0:18-cv-1309-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On May 24, 2018, the Magistrate Judge issued a Report recommending summary dismissal without prejudice and without issuance and service of process as to the claims against many of the seventy-seven named Defendants.[1] ECF No. 10. The same day, the Magistrate Judge filed an Order finding Plaintiff's Complaint

> raises claims concerning at least five separate incidents that took place between April 2015 and May 2016. All of the incidents involve Plaintiff's claims of excessive force during his incarceration at three separate South Carolina Department of Corrections ("SCDC") facilities; however, other than the nature of the claim, the incidents appear to be wholly unrelated.

ECF No. 11. Therefore, the Magistrate Judge ordered Plaintiff's claims severed into four separate cases, with four civil action numbers. *Id.* Plaintiff was also issued a proper form order. ECF No. 12.

---

[1] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

On June 1, 2018, Plaintiff filed a motion for copies at no expense, requesting "one free 'time-stamped' copy" of the initial complaint with attached "important exhibits." ECF No. 14. The same day he also filed a motion for extension of time to file objections to the Report, noting he needed to receive his free copies before he could formulate his objections. ECF No. 15. On June 8, 2018, Plaintiff filed a motion to amend/correct the Complaint and for permissive joinder of parties (ECF No. 17); a motion for reconsideration of the Magistrate Judge's Order severing the case and of the Report recommending dismissal of certain Defendants (ECF No. 18); and a motion to alter or amend the Order and Report (ECF No. 19). The Magistrate Judge denied Plaintiff's motion for copies on June 11, 2018, finding Plaintiff's *in forma pauperis* status does not except him from paying costs of copying documents. Thereafter, the court notified Plaintiff it would consider his motion for reconsideration and to alter or amend (ECF Nos. 18, 19) as objections to the Report, and as an appeal of the Order severing the cases. Plaintiff's motion for extension of time was granted and he was given until July 26, 2018 to file any further objections he wished the court to consider as objections to the Report or on appeal of the Order severing the cases. ECF No. 29. On July 12, 2018, the Magistrate Judge denied Plaintiff's motion to alter/correct the Complaint and for joinder. ECF No. 32. On July 26, 2018, Plaintiff filed a motion for leave to file a supplemental complaint (ECF No. 37). He did not file any further objections to the Report.

**I.       Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

2

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II. Discussion**

*a. Report and Recommendation*

The Magistrate Judge recommends summarily dismissing claims against many Defendants without prejudice and without issuance and service of process because the Complaint fails to provide any facts related to the majority of the seventy-seven Defendants that would "plausibly show they violated Plaintiff's constitutional rights." ECF No. 10 at 4. The Report recommends the following Defendants be dismissed:

> Director Bryan P. Stirling; Bernard McKie; Donald Lane; Lefford Fate; S. Soltis; Dr. Koon; Dr. Arrojas; Dr. T. Ergen; Dr. Kocher; Dr. Sridaran; Cecilia Reynolds; Larry Cartledge; Leroy Cartledge; James Parker; Dr. B. Lewis; Dr. A. Compton; Dr. Bryne; Sharon Patterson; Kennard Dubose; Ann Hallman; C. Hindenburg; K. Rivers; P. Talbert; Barns; Curtis Earley; Florence Mauney; Amy Enloe; PREA Compliance Manager at Perry CI (2015); Lindsey Harris; Meagan Harris; Katherine Burgess; B. Roberts; Stephon; Gina Williamson; Washington; Olds; Stephanie McMillan; Pamela Derrick; Myecha L. Miley; Brown; Sharp; Michelle Fox; Beverly Wood; V. Grubbs; Larry Morris; M. Newton; John Pate; Michael McCall; Cassandra Means; Ashley Maddox; Wilkens-Smith; McCoulough; Willie Davis; Katora Gause; Bernadette Jefferson; Unknown Person who made the call to

3

give me no pain medication the day I got out of the hospital (27 May 2016); Unknown Person who made the call not to send me to the infirmary the day I got out of the hospital 27 May 2016; Mr. Barkley.

*Id.*

In addition to Plaintiff's two previous filings, the court will also treat Plaintiff's motion for leave to file supplemental complaint, filed July 26, 2018, as objections to the Report due to the date filed and the content of the filing. *See* ECF No. 37. Apart from the first three "jurisdiction and venue" type paragraphs, Plaintiff's July 26 filing does not request leave to file an amended or supplemental complaint, but merely sets out further facts regarding his treatment while at SCDC. This purported "supplemental complaint" does not incorporate or address many of the facts included in his previous complaint; therefore, it cannot serve alone as a complaint. In addition, Plaintiff did not file any document styled as objections to the Report, despite the court allowing an extension in which to do so. As the July 26 filing was submitted within the deadline in which to file objections, and is not a viable motion to amend or an amended complaint, the court will treat the allegations within as further objections to the Report and additional details in support of his appeal of the Order severing cases.[2]

### b. Order Severing Cases

The same day the Report was filed, the Magistrate Judge also filed an Order severing this case into four, each with its own civil action number. ECF No. 11. The Order notified Plaintiff

---

[2] To the extent Plaintiff alleges new claim(s), such as denial of access to the grievance system or additional claims related to medical treatment in relation to the individual incidents, Plaintiff must amend his Complaint in those severed cases to add additional claims arising after the initiation of the severed cases.

4

the civil action number assigned to the instant case will only pertain to the allegations concerning an incident at Lee Correctional Institution on April 13, 2015, against Defendants Richardson, Rogers, and McBride. *Id.* at 3. A second case was opened for the incident at Perry Correctional Institution on May 9, 2015, against Defendants Chad Binkley and "Unknown Officers from 9 May 2015 Attack." *Id.* at 2. A third case was opened for an incident at Perry in June 2015, against Defendants Randall Fowler, Jr., Lasley, Williams, DeGeorgis, Wantonta Golden, Jeff Bilyeu, R. Blackburn, Kenneth Myers, James Jennings, and Nathan Rice. *Id.* Finally, a fourth case was opened as to the incidents occurring at Broad River Correctional Institution between January 2016 and May 2016, against Defendants Aull, Beckett, T. Esterline, and James Parrish. *Id.*

### c.  *Plaintiff's filings*

Plaintiff filed a motion for reconsideration and a motion to alter or amend judgment under Federal[3] Rule of Civil Procedure 59(e). ECF Nos. 18, 19. The court notified Plaintiff these would be considered as objections to the Report and as an appeal of the Order severing cases, and gave Plaintiff thirty days within which to file any additional objections. ECF No. 29. As noted above, Plaintiff filed a document styled as a "supplemental complaint," which the court will also treat as objections. *See* ECF No. 37.

In his nearly identical motions, Plaintiff argues his Complaint alleged a First Amendment claim in which his rights were violated "by a large percentage of the originally named Defendants"

---

[3] Plaintiff repeatedly cites to the South Carolina Rules of Civil Procedure. However, as this case is filed in Federal Court pursuant to § 1983, the Federal Rules of Civil Procedure apply.

when they retaliated against him for filing grievances. ECF Nos. 18, 19. He contends this "campaign of retaliation" arose out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law and fact will arise; therefore, he believes all Defendants are proper in one action. *Id.* He also argues the action should be kept as one case and not summarily dismissed "against a lot of the main culprits in the herein referenced retaliation campaign." *Id.* at 3. Finally, he alleges the retaliation campaign involved "upper echelon SCDC administrators/officials," and all of the named Defendants "actively participated in denying Plaintiff sexual assault counseling, access to a neurologist and occupational hand therapy, and those acts clearly violated Plaintiff's First and Eighth Amendment rights." Plaintiff requests reconsideration of the recommended dismissal of Defendants and the severing of cases. *Id.* at 4.

The final document, styled as a supplement to the Complaint, further details Plaintiff's alleged difficulty in receiving medical treatment related to the Broad River incidents. ECF No. 37. As noted above, if Plaintiff seeks to add further information to the Complaint regarding this incident, he must do so in Civil Action No. 0:18-cv-01418 as noted in the Order Severing Cases. Plaintiff also argues his case should be kept as one, instead of severed. *Id.* at 10.

    *d. Analysis*

        i. Dismissal of Defendants

Plaintiff alleges, in essence, a conspiracy against him to deprive him of his constitutional rights, including the right to adequate medical care (including mental health treatment) and the right to be free from cruel and unusual punishment, in addition to a First Amendment claim. ECF No. 1. He makes concrete allegations only against certain officers from different Correctional

6

Institutions (collectively: McBride, Goodman, Richardson, Rogers, Davis, Jefferson, Binkley, Fowler Jr., Blackburn, Bilyeu, Golden, Lasley, Duffie, and Parrish), and Nurses Enloe and Harris. He also alleges "90% of the defendants in this case were involved in keeping Plaintiff from receiving sexual assault therapy." *Id.* at 13-14.

The remaining Defendants are not mentioned in the Complaint until Plaintiff's "Brief Description of how Defendants are Involved" on the last page of the Complaint, noting all those not specifically mentioned "participated in a retaliation/reprisal campaign against Plaintiff" in denying him occupational hand therapy, access to a neurologist, and sexual assault therapy. *Id.* at 18. There are no facts setting forth how each of these Defendants participated in this "campaign" or conspiracy. Plaintiff filed a motion to amend/correct the complaint (ECF No. 17), which was construed by the Magistrate Judge as a motion for reconsideration of the Order severing cases and denied. ECF No. 32. To the extent it could be construed as a motion under Fed. R. Civ. P. 15, it was denied as futile. *Id.* Plaintiff has not sought reconsideration or appealed this Order by the Magistrate Judge.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Williams' objections, the court agrees with the Magistrate Judge the majority of the named Defendants should be dismissed for failure to state a claim. Although Plaintiff alleges a broad-reaching conspiracy involving all named Defendants, he fails to allege how each of the Defendants participated in this alleged scheme to deprive Plaintiff of his constitutional rights. He merely alleges generally he has been a victim of this retaliation scheme for years, and notes "all of the named doctors, nurses, mental health counselors and upper echelon

SCDC administrators/officials have actively participated in denying Plaintiff sexual assault counseling, access to a neurologist and occupational hand therapy, and those acts clearly violated Plaintiff's First and Eighth Amendment rights." ECF No. 18, 19 at 4. However, these general accusations are insufficient to allow Plaintiff's claims to proceed – there are no allegations regarding how any of the to-be-dismissed Defendants participated in the retaliation.

Accordingly, the court adopts and incorporates by reference the Report as explained in this Order. The recommended Defendants are dismissed without prejudice and without issuance and service of process.

### ii. Severance of Cases

Plaintiff has also objected to the Magistrate Judge's Order severing cases. For non-dispositive matters, the Magistrate Judge decides the issue, subject to district court review for clear error. Fed. R. Civ. P. 72(a); *Morton v. North Carolina Attorney General*, 165 F.3d 19 (4th Cir. 1998) ("A district judge may reconsider a magistrate judge's non-dispositive ruling where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Plaintiff contends his case should not be severed into four, as the "record as a whole" shows he has been subject to a "serious retaliation campaign" by all Defendants. ECF Nos. 18, 19. However, as noted by the Magistrate Judge, he alleges several separate and distinct incidents that occurred at different institutions (except Broad River, where two incidents occurred and are allowed to proceed in one case). The court agrees the claims against these Defendants do not arise out of the same transaction or occurrence, and are in fact separate claims against Defendants at

different institutions. As the Magistrate Judge's Order is not clearly erroneous or contrary to law, this court declines to overturn it. Plaintiff's cases shall continue as four separate civil actions.

## III. Conclusion

Having conducted a *de novo* review of the Report, underlying motions and related memoranda, and having fully considered all objections, the court adopts and incorporates the Report by reference. The following Defendants are dismissed from this action without prejudice and without issuance and service of process:

> Director Bryan P. Stirling; Bernard McKie; Donald Lane; Lefford Fate; S. Soltis; Dr. Koon; Dr. Arrojas; Dr. T. Ergen; Dr. Kocher; Dr. Sridaran; Cecilia Reynolds; Larry Cartledge; Leroy Cartledge; James Parker; Dr. B. Lewis; Dr. A. Compton; Dr. Bryne; Sharon Patterson; Kennard Dubose; Ann Hallman; C. Hindenburg; K. Rivers; P. Talbert; Barns; Curtis Earley; Florence Mauney; Amy Enloe; PREA Compliance Manager at Perry CI (2015); Lindsey Harris; Meagan Harris; Katherine Burgess; B. Roberts; Stephon; Gina Williamson; Washington; Olds; Stephanie McMillan; Pamela Derrick; Myecha L. Miley; Brown; Sharp; Michelle Fox; Beverly Wood; V. Grubbs; Larry Morris; M. Newton; John Pate; Michael McCall; Cassandra Means; Ashley Maddox; Wilkens-Smith; McCoulough; Willie Davis; Katora Gause; Bernadette Jefferson; Unknown Person who made the call to give me no pain medication the day I got out of the hospital (27 May 2016); Unknown Person who made the call not to send me to the infirmary the day I got out of the hospital 27 May 2016; Mr. Barkley.

In addition, the court affirms the Order of the Magistrate Judge severing cases. The four cases will proceed as outlined in the Order (ECF No. 11).

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 17, 2018