IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1309-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Franklin Richardson; Rogers; and McBride, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |
| | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1416-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Chad Binkley; Unknown Officers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1417-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Randall Fowler, Jr.; Lasley; Williams; | ) | |
| DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. | ) | |
| Blackburn; Kenneth Myers; James Jennings; | ) | |
| Nathan Rice, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1418-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aull; Beckett, Jr.; T. Esterline; and James | ) | |
| Parrish, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PJG

**REPORT AND RECOMMENDATION**

The plaintiff, Robert Louis Garrett, Jr., a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Garrett's motions for preliminary injunction and for a hearing. (C/A No. 0:18-1309, ECF Nos. 106 & 109; C/A No. 0:18-1416, ECF Nos. 48 & 52; C/A No. 0:18-1417, ECF Nos. 63 & 73; C/A No. 0:18-1418, ECF No. 49.) The defendants filed responses in opposition to Garrett's motions. Having carefully reviewed the motions and the pleadings in these cases, the court finds that Garrett's motions should be denied.

**DISCUSSION**

Garrett appears to argue that he has been subjected to a "retaliation campaign" by unnamed persons. The crux of his motions appears to be that, following an incident on August 23, 2018 during which Garrett was allegedly sprayed with chemical munitions, ultimately removed from his cell, and transferred to a different institution, his personal property—including his legal papers—was confiscated and was never returned to him. Garrett requests the court order the defendants and South Carolina Department of Corrections to return his legal files to him and to sanction them if they continue to retaliate against him. (C/A No. 0:18-1417, ECF No. 63.)

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[1]  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  See Real Truth, 575 F.3d at 346-47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

As an initial matter, Garrett has not specifically named the individuals responsible for the actions of which he complains, and to the extent Garrett is seeking relief against an individual who is not a defendant in this matter, such relief is unavailable.  See Fed. R. Civ. P. 65(a).  In response to Garrett's motions, the defendants have provided an incident report that states that Garrett's

---

[1] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[2] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

Page 3 of  5



personal property was disposed of at Allendale Correctional Institution between September 4, 2018 and October 17, 2108 because it became wet and mildewed after Garrett broke the sprinkler head in his cell.  (See, e.g., C/A No. 0:18-1417, ECF No. 86-1.)  The defendants in all four cases state in their responses that they did not have any involvement in the transfer or alleged confiscation of Garrett's property at any time.  Accordingly, the relief Garrett seeks—the return of his legal box—is unavailable.  Furthermore, Garrett  has failed to establish that he is likely to suffer irreparable harm in the absence of injunctive relief.  See Winter, 555 U.S. at 20-23.  Although the loss of his legal materials is unfortunate, it does not appear to have affected Garrett's ability to research and prosecute his cases.

## RECOMMENDATION

Accordingly, the court recommends that Garrett's motions be denied.  In light of the court's recommendation, no hearing is necessary at this time.

December 14, 2018                                  Paige J. Gossett
Columbia, South Carolina                      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).