IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., | C/A. No. 0:18-1309-CMC-PJG |
| Plaintiff | |
| v. | Opinion and Order |
| Franklin Richardson; Rogers; and McBride, | |
| Defendants. | |

Plaintiff Robert Louis Garrett, Jr. (Garrett) brought this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Garrett's Motion for Preliminary Injunction (ECF No. 106) and Motion for Hearing on the Preliminary Injunction (ECF No. 109). Also before the court are numerous motions by the parties regarding default judgment and seizure of assets. ECF Nos. 58, 59, 81, 87, 88, 89.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On December 14, 2018, the Magistrate Judge issued an Order and Report and Recommendation ("Report") regarding Garrett's motions for default judgment. ECF No. 113. The Magistrate Judge also issued a Report recommending Garrett's motion for preliminary injunction be denied. ECF No. 114. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. After several extensions of time, Garrett filed objections on March 18, 2019. ECF Nos. 149, 150. Defendants have not replied to Garrett's objections.

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2. **Discussion**

   a. *Default*

The Magistrate Judge recommends dismissing Defendant McBride and denying Garrett's motion for default judgment as to McBride, as he was not properly served and the time to do so has expired. ECF No. 113 at 2. The Report also recommends granting Defendant Richardson's and Rogers' motions to set aside default, finding they have shown good cause and should be granted relief. *Id.* at 3. The Report reasons Defendants "acted promptly and with reasonable diligence in responding shortly" after default was entered, have "presented potential meritorious defenses," a "reasonable explanation detailing their failure" to respond, and there is no indication of prejudice to Garrett. *Id.* at 3-4.

2

Garrett objects, arguing Defendant McBride should not be dismissed because Garrett "is entitled to rely on the service by the U.S. Marshals and should not be penalized for failure of the Marshal Service to properly effect service of process, where such failure is through no fault of the litigant/plaintiff." ECF No. 150 at 2. He contends "someone" at the SCDC's Office of General Counsel lied about SCDC not being able to find Defendant McBride in their system. *Id.* Garrett states he attempted to obtain information required for service through other avenues. *Id.* at 3. Garrett also asserts he provided new USM-285 forms for McBride, with full name and SCDC employee identification number, on December 14, 2018. *Id.*

As to Defendants Richardson and Rogers, Garrett argues he filed motions for default judgment in September 2018, and default judgment should have been "immediately entered." *Id.* at 5. Instead, he argues, the delay allowed Defendants to file motions to set aside entry of default. He also argues the Magistrate Judge erred in not considering his reply and in not recognizing the "inconsistencies, fraud, and deception littered throughout Richardson's motion." *Id.* at 6. He also contends he has and continues to suffer prejudice by having to continue to litigate this case and requests the court decline to adopt the Report. *Id.* at 8-9.

The court finds Garrett has presented good cause for the delay in service on Defendant McBride and therefore the time for service should be extended. Garrett states service was attempted twice at SCDC's Office of General Counsel, but SCDC was unable to locate McBride in their systems to accept service. Although the court does not find SCDC "lied" about McBride's status, as Garrett suggests, it is clear Garrett attempted proper service and diligently followed up when the initial method of service was unsuccessful. Garrett also asserts he now has McBride's full name and SCDC employee identification number. The court will direct the Clerk of Court to issue the summons and forward copies of this order, the summons, the Complaint, and the Form

3

USM-285 at ECF No. 122 to the United States Marshal for service of process on Defendant McBride.

The court agrees with the Report, however, that default as to Defendant Richardson should be set aside as he has shown good cause. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. . . . We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). Defendant Richardson has presented potential meritorious defenses, acted fairly promptly in moving for relief from default, and does not have personal responsibility for the delay. Further, there is no history of dilatory action and the court does not see prejudice to Garrett in litigating his claims on the merits. *See id.* at 419 ("[N]o cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability . . ."). Garrett attempts to question SCDC's procedure in defending cases such as this, and requests the court liberally construe his filings due to his *pro se* status and documented mental health problems. ECF Nos. 85, 150. However, this does not address Richardson's good cause for setting aside default. The court accordingly sets aside entry of default as to Defendant Richardson.

The court further finds the entry of default should be set aside as to Defendant Rogers. Rogers filed a "Motion for Extension of Time to File Answer" on November 15, 2018. ECF No. 89. He explained the Summons and Complaint were improperly served at his place of residence because they were given to a non-resident visitor at the residence. *Id.* at 1. Further, he argues excusable neglect as he misunderstood the papers to be related to another pending lawsuit and was

4

unaware of this matter until contacted by SCDC legal counsel. *Id.* at 2. Rogers filed an Answer on November 15, 2018, and the court agrees with the Report's grant of leave to file Answer out of time. Entry of default is accordingly set aside as to Defendant Rogers.

### b. *Preliminary Injunction*

The Magistrate Judge found the relief Garrett seeks via preliminary injunction is unavailable, and that Garrett failed to show he will suffer irreparable harm in the absence of injunctive relief. ECF No. 114 at 4. The Report concludes "the loss of Garrett's legal materials does not appear to have affected Garrett's ability to research and prosecute his cases." *Id.* Therefore, the Report recommends denial of the motion for preliminary injunction.

Garrett objects to the Report. ECF No. 149. He complains of a "conspiracy of retaliation" against him, details the August 22, 2018 incident when he was sprayed with chemical munitions, and objects to the Report's failure to "include all the facts." *Id.* at 4, 5. He argues he named specific Defendants – Lasley, Berry, Monaco, Campbell, and Jenkins – who were involved in "illegally refusing to return 90% of Plaintiff's Legal Files, Property, etc." *Id.* at 3. He cites Exhibits 1A, 2A, and 3A to his November 29, 2018 Reply as showing the named individuals above lied about having anything to do with his property. *Id.* at 3, 4. Finally, Garrett argues "not having all of his legal files, etc. is severely hindering Plaintiff from fighting these Actions as well as his criminal incarceration." *Id.* at 5. He admits most of his papers regarding his criminal case "have all been thrown away and most cant be replaced," but has "hope that the other 90% of his files and property are sitting somewhere in a closet." *Id.* at 9. He requests a hearing on his motion.

The court agrees with the Report that the requested preliminary injunction is not available in this case. Garrett seeks a preliminary injunction requiring Defendants to return his legal files to him. ECF Nos. 106, 109. However, the individuals he argues refuse to return his property (Lasley,

Berry, Monaco, Campbell, and Jenkins) are not Defendants in this case.[1] Therefore, the court cannot order the relief requested.

3. **Conclusion**

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Garrett's objections, the court agrees with the Report's recommendation to deny the motion for preliminary injunction and to set aside default as to Defendants Richardson and Rogers, and adopts those portions of the Report. The court declines to adopt the Report as to the dismissal of Defendant McBride. The time for service upon Defendant McBride is extended to May 15, 2019 (See attached instructions). The motions for preliminary injunction/temporary restraining order (ECF Nos. 106, 109) are denied, as are Garrett's motions for default judgment and to seize property on Defendants Richardson and Rogers (ECF Nos. 58, 59, 60, 61, 87, 88). Defendant Richardson's motion to set aside default (ECF No. 81) and Defendant Rogers' motion for extension of time to file answer (ECF No. 89) are granted. This matter is referred back to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 11, 2019

---

[1] Garrett initially filed one case with many Defendants, which was reviewed by the Magistrate Judge and determined to be, in actuality, four different actions complaining of different acts at different institutions. ECF Nos. 10, 11, 52. The individuals Garrett alleges destroyed or will not return his legal files are not defendants in this action. However, Lasley is a Defendant in Case No. 18-1417 and will be further addressed in the Order in that case.

## Instructions for Service on Defendant McBride

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summons as to Defendant McBride and to forward copies of this order, the summons, the Complaint, and the Forms USM-285 to the United States Marshal for service of process on the defendant. The court notes the USM-285 for Defendant McBride is on the docket at ECF No. 122. A copy of this order must be provided to the United States Marshal.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the above referenced documents on the defendant(s). The court has extended the time for service to May 15, 2019.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the information provided by Plaintiff on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.