IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., <br><br> Plaintiff <br><br> v. <br><br> Franklin Richardson; Rogers; and McBride, <br><br> Defendants. | C/A. No. 0:18-1309-CMC-PJG <br><br><br> Opinion and Order |

Plaintiff Robert Louis Garrett, Jr. ("Plaintiff") brought this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections. This matter is before the court on Plaintiff's Appeal of Magistrate Judge Decision (ECF No. 158) and Supplement (ECF No. 159). Defendants have not responded.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. During the course of proceedings in this matter, Plaintiff filed a motion to join other parties and to amend the Complaint (ECF No. 144) and a motion to amend/correct the motion to join other parties and to amend the Complaint (ECF No. 152). By text order, the Magistrate Judge denied Plaintiff's motions as untimely under the Amended Scheduling Order, thus requiring that Plaintiff show good cause to extend the expired deadlines. ECF No. 153. She also noted Plaintiff could not file a proposed amended complaint with multiple civil action numbers, and any motion to amend must attach a complete proposed amended complaint specific to this civil action number. *Id.*

### **Standard**

When a pretrial matter not dispositive of a party's claim or defense is referred to a
magistrate judge to hear and decide, the Magistrate Judge must promptly conduct

> the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

## **Discussion**

Plaintiff objects to the Magistrate Judge's denial of his motions to amend, noting he seeks to *supplement*, not amend, his Complaint pursuant to Fed. R. Civ. P. 15(d), to allege events "that have transpired since the filing" of the original Complaint. ECF No. 159 at 2. He argues Defendants are unable to show prejudice and therefore he should be able to supplement the Complaint. *Id.* at 3. Plaintiff contends the Magistrate Judge should be able to "add Defendants to whatever Civil Action she decides that they should be added to," when Plaintiff is unsure to which civil action a particular proposed Defendant should be added. *Id.* at 4. He also believes the May 9, 2015 incident at Perry and the June 2015 incident at Perry should be in the same civil action,

2

and has "pointed to the New Evidence that supports his position."[1]  *Id.*  He requests appointment of counsel to assist with supplementation of his Complaints. He further notes the Scheduling Orders do not contain deadlines by which to join other parties or amend the pleadings.  *Id.* at 5.

The first Scheduling Order in this case was entered on November 16, 2018, and set a deadline to join parties or amend pleadings of December 17, 2018.[2]  ECF No. 93.  An Amended Scheduling Order was filed December 17, 2018, with the motions to amend pleadings due the same day.  ECF No. 117.

Plaintiff filed a motion to join parties or amend the Complaint on March 8, 2019, and a motion to amend/correct that motion on March 28, 2019.  ECF Nos. 144, 152.  The Magistrate Judge denied those motions on March 29, 2019, in the text order challenged in this appeal, holding Plaintiff must file a proper motion in accordance with Fed. R. Civ. P. 15(a)(2) and attach a complete proposed amended complaint specific to the civil action number in which it is filed.  ECF No. 153.  She also found Plaintiff would have to show good cause in order to extend the expired deadline to join parties or amend the Complaint.  *Id.*

The court agrees, for the reasons stated by the Magistrate Judge, that Plaintiff's motions (ECF Nos. 144, 152) cannot be granted as filed.  As the Magistrate Judge stated, "if Plaintiff is seeking to amend his complaint, Plaintiff must file a proper motion to amend in accordance with Fed. R. Civ. P. 15(a)(2) and attach a complete proposed amended complaint specific to this civil

---

[1] As the instant Civil Action does not concern Perry Correctional Institution, this argument will be addressed in an Order in the Civil Action(s) relating to incidents at Perry.

[2] Plaintiff filed an initial motion to amend the Complaint and for joinder on June 8, 2018, before a Scheduling Order was entered in the case.  ECF No. 17.  Plaintiff argued the court should reconsider severing his claims into four civil actions.  *Id.*  The Magistrate Judge denied this motion on July 12, 2018.  ECF No. 32.

3

action number. Plaintiff may not file an amended complaint with multiple civil action numbers." ECF No. 88.

In addition, it appears his motions to amend in this case, as opposed to Plaintiff's other cases, were untimely under the scheduling orders. Plaintiff did not move to extend the deadline for motions for leave to amend the Complaint in this case. The Amended Scheduling Order does contain a deadline the same day as it was entered; however, Plaintiff had not attempted to meet the previous deadline by filing either a motion or request for extension. Therefore, in this Civil Action Plaintiff would have to meet the good cause standard to amend his Complaint out of time.

If Plaintiff is seeking to <u>supplement</u> his Complaint in this Civil Action to include events occurring after the date of his original Complaint: May 7, 2018, he must set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).[3] However, he may not file the same motion and proposed Supplemental Complaint in each Civil Action, but must tailor the proposed Supplemental Complaint(s) to supplement each existing Complaint with related facts, incidents, or additional Defendants. The court will not determine which Defendant(s) should be added to which existing Complaint – Plaintiff must determine which allegations and Defendants he wishes to add to which Civil Action.

---

[3] If Plaintiff seeks only to supplement his Complaint, not amend, he need not meet the good cause standard, as the Scheduling Orders are not required to contain, and do not contain, a deadline for supplemental pleadings. *Ohio Valley Env. Coalition v. U.S. Army Corps of Engineers*, 243 F.R.D. 253, 256 (4th Cir. 2007).

4

For example, this case concerns Defendants Richardson; Rogers; and McBride, regarding an incident taking place at Lee Correctional Institution in April 2015. *See* Order severing cases, ECF No. 1.[4] Therefore, any proposed supplement should relate to this incident (if there were facts that have now come to light that were unavailable at the time of the original Complaint). Incidents at other Institutions would not be relevant to this Civil Action, and should not be included in a proposed Supplemental or Amended Complaint in this action. Further, the court has previously ruled on Plaintiff's argument that his treatment at various SCDC facilities is part of a larger "conspiracy" against him, and will not revisit allegations of this nature. Any motion to amend or supplement the Complaint is due no later than June 25, 2019. Plaintiff is hereby notified this will be the final deadline for motions to amend and motions to supplement.

Plaintiff also requests appointment of counsel to assist him in supplementing his Complaint. His request for counsel has been denied by the Magistrate Judge, and to the extent his appeal can be construed as an objection to that ruling, this court finds it was not clearly erroneous. Therefore, the court affirms the order of the Magistrate Judge (ECF No. 153) as supplemented above. Plaintiff may move to amend or supplement his Complaint, with a proposed amended/supplemental Complaint attached, no later than June 25, 2019. This matter is referred back to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

Columbia, South Carolina  
May 22, 2019

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

---

[4] As Plaintiff argues he no longer has access to his legal files, the Clerk is directed to enclose a copy of ECF Nos. 1 and 2 in this Civil Action with the instant Order when it is mailed to Plaintiff.