IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1309-CMC-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Franklin Richardson; Rogers; and McBride, | ) | |
|                 Defendants | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1416-CMC-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Chad Binkley; Unknown Officers, | ) | |
|                 Defendants. | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1417-CMC-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Randall Fowler, Jr.; Lasley; Williams; DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. Blackburn; Kenneth Myers; James Jennings; Nathan Rice, | ) | |
|                 Defendants. | ) | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1418-CMC-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Aull; Beckett, Jr.; T. Esterline; and James Parrish, | ) | |
|                 Defendants. | ) | |

*PJG*

# ORDER

Plaintiff Robert Louis Garrett, Jr., proceeding *pro se*, filed these actions pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court on the plaintiff's motions for appointment of counsel. (C/A No. 0:18-1309, ECF Nos. 143 & 184, Suppl., ECF No. 177; C/A No. 0:18-1416, ECF Nos. 79 & 110, Suppl., ECF No. 106; C/A No. 0:18-1417, ECF Nos. 122 & 161, Suppl., ECF No. 156; C/A 0:18-1418, ECF Nos. 88 & 120, Suppl., ECF No. 116.)

Plaintiff has twice previously filed motions for appointment of counsel, both of which were denied. As stated in its previous orders, the court notes that there is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

In his current motion, Plaintiff argues that appointment of counsel is warranted because of "exceptional, unusual and extraordinary circumstances." Specifically, Plaintiff alleges that he does not have to requisite skill to cross examine witnesses or propound needed discovery, that the defendants will not provide him with complete responses to his discovery requests, and that Plaintiff's case has merit and he is likely to prevail. However, upon review of Plaintiff's motion, as supplemented, as well as the record presented in this matter, the court concludes that there are no exceptional or unusual circumstances presented at this time, nor would Plaintiff be denied due

process if the court denied Plaintiff's request for counsel.  Id.  As previously stated, Plaintiff has provided abundantly detailed filings and is clearly able to articulate his claims and address the legal issues.  Although Plaintiff also references the fact that he takes multiple medications with various side effects and that he suffers from mental health issues, Plaintiff's filings thus far demonstrate a capacity to clearly and thoroughly present his claims.  The reasons he advances in his most recent motions do not distinguish him from other *pro se* prisoners and do not present the exceptional circumstances required by prevailing law.  Accordingly, Plaintiff's motions requesting counsel under 28 U.S.C. § 1915(e)(1) are denied.

    **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 31, 2019
Columbia, South Carolina