IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | Case No. 0:18-cv-1309-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Franklin Richardson; Rogers; and McBride, | ) | |
| | ) | |
| Defendants. | **)** | |
| | **)** | |
| Robert Louis Garrett, Jr., | ) | Case No. 0:18-cv-1416-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Chad Binkley; Unknown Officers, | ) | |
| | ) | |
| Defendants. | **)** | |
| | **)** | |
| Robert Louis Garrett, Jr., | ) | Case No. 0:18-cv-1417-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Randall Fowler, Jr; Lasley; Williams; DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. Blackburn; Kenneth Myers; James Jennings; Nathan Rice, | ) | |
| Defendants. | **)** | |
| | **)** | |
| Robert Louis Garrett, Jr., | ) | Case No. 0:18-cv-1418-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Aull; Beckett, Jr.; T. Esterline; and James Parrish, | ) | |
| | ) | |
| Defendants. | **)** | |
| | **)** | |

**ORDER**

This matter is before the court on Plaintiff's "Notice of Objections/Appeal of Magistrate Judge's 31 May 2019 Docket Text Orders Dismissing Plaintiff' Motions to Compel Discovery and Sanction Defendants." ECF No. 210. Defendants have not filed a reply. For the reasons below, the Magistrate Judge's ruling is affirmed.

1. **Procedural Posture**

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. During the course of proceedings in this matter, Plaintiff filed a motion to compel discovery, arguing Defendants' responses to his Requests for Production were "overly evasive and incomplete," and that Defendants failed to respond to his First Set of Interrogatories. ECF No. 157. He requests "Defendants be sanctioned individually for the herein referenced actions." *Id.* at 2. Plaintiff also filed a "supplement" to his motion to compel discovery and for sanctions. ECF No. 184. This supplement essentially restates the grounds in his original motion, but includes more recently filed discovery Plaintiff alleges Defendants also have not addressed. Defendants did not respond to either the motion to compel or the supplement. The Magistrate Judge denied the motions (among others) by text order on May 31, 2019:

> DOCKET TEXT ORDER dismissing as moot in light of the court's Second Amended Scheduling Order: Plaintiff's motion to compel and for sanctions (ECF No. 157), Plaintiff's motion to stay (ECF No. 176), Plaintiff's motion to supplement his motion to compel and for sanctions (ECF No. 184), Defendants' motion for extension of time (ECF No. 186), Plaintiff's motion to supplement his motion to compel and for sanctions (ECF No. 192). The court observes without deciding that Plaintiff's motion to compel appears to be untimely pursuant to Local Civil Rule 37.01(A) (D.S.C.) and the scheduling order in this case and does not fully comply with Local Civil Rule 7.04 (D.S.C.). In light of the Second Amended Scheduling Order, Plaintiff may re-serve any discovery requests in accordance with the

> extended deadline, if he so elects. Entered at the direction of Magistrate Judge Paige
> J. Gossett on 5/31/2019. (kkus,) (Entered: 05/31/2019)

ECF No. 195.

Plaintiff's objections to/appeal of the Magistrate Judge's Order were filed on June 13, 2019. ECF No. 210. He requests the court compel Defendants to "turn over all of the discovery that Plaintiff requested, and sanction the Defendants and their Counsels of Record for their flagrant abuses of the Discovery Process." *Id.* at 1. He argues Defendants' assertion they are "not in possession" of many of the documents requested is "without merit and was obviously some type of stalling tactic." *Id.* He also notes Defendants said they would supplement but have failed to do so. Regarding his interrogatories, he argues Defendants have failed to respond. He also contends Judge Gossett ordered Defendants to respond to a discovery request in November 2018, yet they have failed to do so. *Id.* at 2. He notes he has received no response after serving his Second Set of Requests for Production, Second Set of Interrogatories, and First Set of Requests for Admission in March and April of 2019. *Id.* He requests "judgment of default" against Defendants in each of his cases, as he has been prejudiced and unable to prepare his cases adequately. *Id.*

2. **Standard**

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous

or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

3. **Discussion**

The court agrees with the Magistrate Judge Plaintiff's motions to compel and for sanctions were properly dismissed in light of the court's Second Amended Scheduling Order, and that no sanctions should be imposed for these alleged discovery violations. It does not appear Plaintiff's motions to compel were timely filed within 21 days after the response was due, as required by Local Rule 37.01. Plaintiff is now allowed to re-serve his previous discovery requests, if he so chooses, and can file a renewed motion to compel within 21 days of the response deadline if Defendants fail to answer, fail to supplement, or answer incompletely. Defendants are put on notice they cannot simply ignore discovery requests by Plaintiff, including the requirement to supplement previous requests. However, the court notes this order does not restrict Defendants' ability to propound specific objections to the discovery requests served by Plaintiff.[1] Based on the Second Amended Scheduling Order currently in place, discovery requests would need to be served

---

[1] The court agrees many of Plaintiff's prior requests appear overbroad.

no later than August 24, 2019, to allow 30 days for response before the discovery deadline expires.[2]

*See* ECF No. 194.

4. **Conclusion**

The Magistrate Judge's text order at ECF No. 195 is affirmed as supplemented in this order. Plaintiff may timely re-serve appropriate discovery requests.[3]

**IT IS SO ORDERED.**

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
July 23, 2019

---

[2] The court recommends re-serving the requests as soon as possible, and tailoring the requests to directly relate to the issues at hand in Plaintiff's separate lawsuits. Overbroad requests are subject to objection.

[3] Plaintiff has also filed the same discovery appeal in his other cases. See Case No. 18-1416, ECF No. 135; Case No. 18-1417, ECF No. 191; and Case No. 18-1418, ECF No. 146. This order applies in equal force to the objections/appeals to the Magistrate Judge's text order dated May 31, 2019.