IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., ) | Case No. 0:18-cv-1309-CMC-PJG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Franklin Richardson; Rogers; ) And McBride, ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 272), filed February 12, 2020. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 273. Plaintiff's response to Defendants' motion was due by March 19, 2020, including the three additional days because Plaintiff was served by mail. The Magistrate Judge granted Plaintiff's first motion for extension (ECF No. 277), as Plaintiff alleged he had not received Defendants' motion for summary judgment, and Plaintiff was given until April 15, 2020, to respond. ECF No. 283.[1] Due to the COVID-19 pandemic, a Standing Order was issued by the court on March 16, 2020, extending existing deadlines for 21 more days, making Plaintiff's response deadline May 6, 2020. ECF No. 290.

---

[1] In this Docket Text Order, Plaintiff was warned that failure to comply with the court's order that he file a response by April 15, 2020, may result in dismissal of the Complaint. *Id.*

Instead of filing a substantive response, Plaintiff filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing he was not able to respond to the motion for summary judgment because of Defendants' refusal to produce certain documents in discovery. ECF No. 296. On May 15, 2020, the Magistrate Judge declined to defer ruling on the summary judgment motion because Plaintiff had "ample opportunity to obtain the requested documents during the normal course of discovery in this matter," but "did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the discovery period." ECF No. 297 at 3. The Magistrate Judge therefore denied his request to defer ruling on the motion for summary judgment and ordered Plaintiff to advise the court whether he wished to continue with his case and to file a response to the summary judgment motion by May 29, 2020. He was notified that if he failed to respond, the Magistrate Judge would recommend dismissal with prejudice for failure to prosecute. *Id.* at 4.

Plaintiff appealed the Magistrate Judge's Order to this court. ECF No. 299. He requested the court "file an Order mandating that the Defendants turn over the herein referenced Discovery." *Id.* at 1. He argued he had been diligent in pursuing this discovery and Defendants had refused to produce it. He contended summary judgment was inappropriate because he had shown SCDC subjects mental health residents like himself to cruel and unusual punishment, and discovery was needed to effectively respond to the summary judgment motion. *Id.* at 5. He requested this court overrule the Magistrate Judge's order, file an order requiring Defendants to produce the requested documents, and give Plaintiff ample time to file a response to the summary judgment motion. *Id.*

The Magistrate Judge's Order at ECF No. 297 was affirmed by this court, and Plaintiff was directed to file a response to Defendants' motion for summary judgment no later than June 26,

2

2020.² ECF No. 301. This court warned a failure to do so may lead to a finding that Plaintiff failed to prosecute his case and may result in dismissal with prejudice for that reason. *Id.* On July 1, 2020, Plaintiff filed an additional motion for extension of time to respond to the Motion for Summary Judgment. ECF No. 303. The Magistrate Judge granted that motion, and extended Plaintiff's deadline to August 25, 2020. ECF No. 304. Plaintiff was directed "to act diligently and file the best response he can to Defendants' motion by that date with the resources available to him." *Id.* While the Magistrate Judge recognized "the many delays and complications caused by the current COVID-19 pandemic, it also note[d] that Plaintiff ha[d] been given over four months to prepare a response, and the pandemic does not warrant indefinite delay." *Id.* On August 31, 2020, the court received Plaintiff's next motion for extension of time. ECF No. 308. The Magistrate Judge entered a Docket Text Order on September 4, 2020, stating "Plaintiff must comply with the [July 6, 2020] order and file a response to Defendants' Motion for Summary Judgment by October 2, 2020. Plaintiff is warned that if he fails to file a response, this action may be decided on the record presented in support of the defendants' motion, or may be recommended for dismissal for failure to prosecute." ECF No. 309. No timely response was received, and on November 12, 2020, the Magistrate Judge entered a Report recommending this action be dismissed for failure to prosecute or, in the alternative, that Defendants' Motion for Summary Judgment be granted. ECF No. 314. Objections to the Report are due November 30, 2020. *Id.*

The same day the Report was filed, the court received another motion for extension of time from Plaintiff. ECF No. 316. He argues he has "repeatedly been forced to file motions for

---

² Plaintiff was reminded to respond specifically to Defendants' motion in this matter, and to address his claims related only to the Defendants in this case.

extension of time" because Defendants "refuse to turn over critical discovery material." *Id.* at 1-2. He notes he has filed an "exorbitant amount of motions trying" to get Defendants to turn over discovery and for the court to compel it. *Id.* at 2. He acknowledges these have been denied, but notes if he had an attorney as requested, he would have received discovery. He alleges summary judgment should not be granted without this discovery being produced. Also, he explains he cannot file a response to summary judgment because he is being denied adequate access to the law library and "ADA typewriter" due to the pandemic lockdown. He contends he wishes to dispute Defendants' motion and doesn't understand why the Magistrate Judge would say "'it appears he does not oppose the motions and wishes to abandon his claims . . .' Nothing could be further from the truth." *Id.* at 3. He requests the court "force" Defendants to turn over discovery, provide Plaintiff with access to law library and typewriter, and extend his time to respond. *Id.* at 4. He "opposes all of the summary judgment motions . . . and does not wish to abandon his claims." *Id.* at 5.

      As noted by the Magistrate Judge, Plaintiff has moved for and received multiple extensions, spanning over eight months, to respond to Defendants' motion for summary judgment. ECF Nos. 277, 301, 303, 308, 316. He was specifically warned that his failure to respond may result in dismissal for failure to prosecute or abandonment of his claims. ECF Nos. 297, 304, 309. Further, his requests and motions to compel discovery have been decided by the Magistrate Judge, and the decisions upheld by this court.[3] ECF Nos. 86, 116, 157, 184, 195, 223, 225, 226, 242, 253.

      The discovery period has ended, and the court has ruled on several motions to compel discovery. No further discovery will be permitted. In addition, Plaintiff has been given multiple

---

[3] Certain of these orders were appealed to the Fourth Circuit, and Plaintiff did not prevail.

extensions of time to respond to Defendants' summary judgment motion and has failed to do so. The Magistrate Judge warned Plaintiff several times of the consequences of his failure to respond, instructed him to respond to the best of his ability given the lockdown due to COVID-19, and informed him the summary judgment motion could not be held open indefinitely. However, Plaintiff continues to file motions for extensions of time without responding to the substance of Defendants' motion. Now, the Magistrate Judge has filed a Report discussing the merits and recommending dismissal or grant of summary judgment. This court will not continue to entertain months of extensions without reaching the merits of Defendants' motion. Plaintiff's motion for another extension to respond to Defendants' summary judgment motion is therefore denied.[4]

The court will, however, grant an extension for Plaintiff to filed objections to the Report, as doing so will require him to respond to the substance of Defendants' motion and the Magistrate Judge's recommendation. Plaintiff's objections will be due January 4, 2021. As this extension is generous, no further extensions will be granted absent good cause and reasons other than lack of discovery, the COVID-19 pandemic and related lockdown, and lack of access to the law library or typewriter. As previously noted by the Magistrate Judge, Plaintiff shall respond to the Report to the best of his ability given the restrictions in place.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 18, 2020

---

[4] To the extent Plaintiff's latest motion for extension requests appointment of counsel, that request is also denied.

5