IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., ) | Case No. 0:18-cv-1309-CMC-PJG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Franklin Richardson; Rogers; ) And McBride, ) | |
| Defendants. **)** | |

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 272), filed February 12, 2020. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 273. Plaintiff's response to Defendants' motion was due by March 19, 2020, including the three additional days because Plaintiff was served by mail. The Magistrate Judge granted Plaintiff's first motion for extension (ECF No. 277), as Plaintiff alleged he had not received Defendants' motion for summary judgment, and Plaintiff was given until April 15, 2020, to respond. ECF No. 283.[1] Due to the COVID-19 pandemic, a Standing Order was issued by the court on March 16, 2020, extending existing deadlines for 21 more days, making Plaintiff's response deadline May 6, 2020. ECF No. 290.

---

[1] In this Docket Text Order, Plaintiff was warned that failure to comply with the court's order that he file a response by April 15, 2020, may result in dismissal of the Complaint. *Id.*

Instead of filing a substantive response, Plaintiff filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing he was not able to respond to the motion for summary judgment because of Defendants' refusal to produce certain documents in discovery. ECF No. 296. On May 15, 2020, the Magistrate Judge declined to defer ruling on the summary judgment motion because Plaintiff had "ample opportunity to obtain the requested documents during the normal course of discovery in this matter," but "did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the discovery period." ECF No. 297 at 3. The Magistrate Judge therefore denied his request to defer ruling on the motion for summary judgment and ordered Plaintiff to advise the court whether he wished to continue with his case and to file a response to the summary judgment motion by May 29, 2020. He was notified that if he failed to respond, the Magistrate Judge would recommend dismissal with prejudice for failure to prosecute. *Id.* at 4.

Plaintiff appealed the Magistrate Judge's Order to this court. ECF No. 299. He requested the court "file an Order mandating that the Defendants turn over the herein referenced Discovery." *Id.* at 1. He argued he had been diligent in pursuing this discovery and Defendants had refused to produce it. He contended summary judgment was inappropriate because he had shown SCDC subjects mental health residents like himself to cruel and unusual punishment, and discovery was needed to effectively respond to the summary judgment motion. *Id.* at 5. He requested this court overrule the Magistrate Judge's order, file an order requiring Defendants to produce the requested documents, and give Plaintiff ample time to file a response to the summary judgment motion. *Id.*

The Magistrate Judge's Order at ECF No. 297 was affirmed by this court, and Plaintiff was directed to file a response to Defendants' motion for summary judgment no later than June 26,

2

2020.² ECF No. 301. This court warned a failure to do so may lead to a finding that Plaintiff failed to prosecute his case and may result in dismissal with prejudice for that reason. *Id.* On July 1, 2020, Plaintiff filed an additional motion for extension of time to respond to the Motion for Summary Judgment. ECF No. 303. The Magistrate Judge granted that motion, and extended Plaintiff's deadline to August 25, 2020. ECF No. 304. Plaintiff was directed "to act diligently and file the best response he can to Defendants' motion by that date with the resources available to him." *Id.* While the Magistrate Judge recognized "the many delays and complications caused by the current COVID-19 pandemic, it also note[d] that Plaintiff ha[d] been given over four months to prepare a response, and the pandemic does not warrant indefinite delay." *Id.* On August 31, 2020, the court received Plaintiff's next motion for extension of time. ECF No. 308. The Magistrate Judge entered a Docket Text Order on September 4, 2020, stating "Plaintiff must comply with the [July 6, 2020] order and file a response to Defendants' Motion for Summary Judgment by October 2, 2020. Plaintiff is warned that if he fails to file a response, this action may be decided on the record presented in support of the defendants' motion, or may be recommended for dismissal for failure to prosecute." ECF No. 309. No timely response was received, and on November 12, 2020, the Magistrate Judge entered a Report recommending this action be dismissed for failure to prosecute or, in the alternative, that Defendants' Motion for Summary Judgment be granted. ECF No. 314. Objections to the Report were due November 30, 2020. *Id.*

The same day the Report was filed, the court received another motion for extension of time from Plaintiff. ECF No. 316. He argued he has "repeatedly been forced to file motions for

---

² Plaintiff was reminded to respond specifically to Defendants' motion in this matter, and to address his claims related only to the Defendants in this case.

extension of time" because Defendants "refuse to turn over critical discovery material." *Id.* at 1-2. He contended he wishes to dispute Defendants' motion and didn't understand why the Magistrate Judge would say "'it appears he does not oppose the motions and wishes to abandon his claims . . .' Nothing could be further from the truth." *Id.* at 3. He requested the court "force" Defendants to turn over discovery, provide Plaintiff with access to law library and typewriter, and extend his time to respond. *Id.* at 4. He "opposes all of the summary judgment motions . . . and does not wish to abandon his claims." *Id.* at 5.

This court denied the motion for further extension to respond to summary judgment. Plaintiff had over eight months to respond to Defendants' motion for summary judgment but failed to do so. ECF Nos. 277, 301, 303, 308, 316. He was specifically warned that his failure to respond may result in dismissal for failure to prosecute or abandonment of his claims. ECF Nos. 297, 304, 309. Further, his requests and motions to compel discovery have been decided by the Magistrate Judge, and the decisions upheld by this court.[3] ECF Nos. 86, 116, 157, 184, 195, 223, 225, 226, 242, 253. The court did, however, allow an extension for Plaintiff to file objections to the Report. Objections were due January 4, 2021, plus three mailing days. No objections have been received, and the deadline has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

---

[3] Certain of these orders were appealed to the Fourth Circuit, and Plaintiff did not prevail.

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motions, the applicable law, the record, and the Report of the Magistrate Judge, the court finds no clear error. While Plaintiff asserted in a filing he did not wish to abandon his claims, neither did he pursue them as required by the Federal Rules of Civil Procedure. He failed to file a response to Defendants' summary Judgment motion or objections to the Report. The court further finds no clear error in the Magistrate Judge's discussion of the merits. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Defendant's motion for summary judgment is granted (ECF No. 272), and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 15, 2021

5